IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 5, 2022

## LAWRENCE F. GOODINE v. ERICA CAROL GOODINE

**Appeal from the Circuit Court for Hamilton County**
**No. 14D571   Ward Jeffrey Hollingsworth, Judge**

_____

**No. E2022-00151-COA-R3-CV**

_____

Because appellant failed to comply with Tenn. Sup. Ct. R. 10B with regard to filing a recusal appeal, and the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND JOHN W. MCCLARTY, J.

Lawrence Foster Goodine, Chattanooga, Tennessee, pro se appellant.

Ann Willard Fiddler, Rossville, Georgia, for the appellee, Erica Carol Goodine (Johnson).

**MEMORANDUM OPINION[1]**

On February 8, 2022, the appellant, Lawrence Foster Goodine ("Appellant"), filed in this Court a notice of appeal of an order entered on January 31, 2022 by the Circuit Court for Hamilton County ("the Trial Court"). The Trial Court's January 31, 2022 order denied a motion to alter or amend the Trial Court's previous ruling denying a motion to recuse. By Order entered February 9, 2022, this Court ordered Appellant to show cause why this appeal should not be dismissed for lack of a final judgment. Appellant failed to respond to

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

our show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

An order denying a motion for recusal can be appealed immediately in an "accelerated interlocutory appeal as of right" pursuant to Tenn. Sup. Ct. R. 10B § 2 or can be raised as an issue in a Tenn. R. App. P. 3 appeal as of right following the entry of a final judgment. Tenn. Sup. Ct. R. 10B § 2.01. An "accelerated interlocutory appeal as of right" may be sought by filing a "petition for recusal appeal" with the appropriate appellate court within twenty-one days of the trial court's entry of the order. Tenn. Sup. Ct. R. 10B § 2.02.

Rather than file a petition for recusal appeal, Appellant filed a notice of appeal pursuant to Tenn. R. App. P. 3. Even if we were to consider Appellant's notice of appeal as a petition for recusal appeal, it is deficient because it fails to comply with Rule 10B. Specifically, Rule 10B provides that a petition for recusal appeal shall contain a "statement of the issues presented for review," a "statement of the facts, setting forth the facts relevant to the issues presented for review" and an argument "with citations to the authorities . . .." Tenn. Sup. Ct. R. 10B § 2.03(a), (b), & (c). Furthermore, Rule 10B provides that the petition for recusal appeal "shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B § 2.03(d). "In a Tennessee Supreme Court Rule 10B appeal, the only order we may review is the trial court's order that denies a motion to recuse. Pursuant to the rule, we may not review the correctness or merits of the trial court's other rulings . . .." *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). The notice of appeal filed by Appellant on February 8, 2022 did not contain a statement of issues, a statement of facts, or an argument with citations. Nor was it accompanied by the supporting documents required by Rule 10B.[2]

"The Tennessee Supreme Court has recognized that when the word 'shall' is used in a statute or rule, it is ordinarily construed as being mandatory and not discretionary." *Childress v. United Parcel Service, Inc.*, No W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2 (Tenn. Ct. App. June 3, 2016). Furthermore, this Court has emphasized:

---

[2] Appellant attached to his notice of appeal a copy of the Trial Court's January 31, 2022 order denying the motion to alter or amend, but did not provide the Trial Court's order denying the motion to recuse.

that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this court so as to allow this court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis. . . . [sic]".  As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

*Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL 5990268, at *3 (Tenn. Ct. App. Nov. 30, 2012).

Rather than filing a timely Tenn. Sup. Ct. R. 10B petition for recusal appeal that complied with Rule 10B, Appellant filed a Tenn. R. App. P. 3 notice of appeal as of right. However, a party is entitled to a Tenn. R. App. P. 3 appeal as of right only after the trial court has entered a final judgment.  Tenn. R. App. P. 3(a).  An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable by filing a notice of appeal.  Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders."  *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015).  As Appellant's notice of appeal fails to comply with Tenn. Sup. Ct. R. 10B, and the Trial Court's January 31, 2022 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.  The appeal is hereby dismissed.  Costs on appeal are taxed to Appellant, Lawrence Foster Goodine, for which execution may issue.

**PER CURIAM**